UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZECHARIAH LEE,<br><br>    Plaintiff,<br><br>v.<br><br>SHERIFF VERNON H. WARNKE, et al.,<br><br>    Defendants. | Case No. 1:19-cv-01043-EPG (PC)<br><br>ORDER DENYING, WITHOUT PREJUDICE, PLAINTIFF'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL<br><br>(ECF No. 8) |

Plaintiff Zechariah Lee is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed under 42 U.S.C. 1983. Plaintiff filed the action on July 17, 2019. (ECF No. 1.) Plaintiff filed the instant motion for the appointment of pro bono counsel on August 7, 2019. (ECF No. 8.) Plaintiff argues that he is entitled to the appointment of pro bono counsel for the following reasons: (1) Plaintiff is unable to afford counsel; (2) the issues involved in this case are complex; (3) Plaintiff must share the law library with three other prison yards, with each yard having their own separate day to use the library, limiting Plaintiff's library access; (4) Plaintiff has limited knowledge of the law; (5) this case will require significant research and investigation, and (6) Plaintiff has attempted to find counsel to take his case, to no avail. (ECF No. 8)

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952

1

(9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (citation and internal quotation marks omitted).

The Court will not order appointment of pro bono counsel at this time. The Court has reviewed the record in this case, and at this time the Court is unable to make a determination that Plaintiff is likely to succeed on the merits of his claims. Moreover, it appears that Plaintiff can adequately articulate his claims.

Plaintiff is advised that he is not precluded from renewing his motion for appointment of pro bono counsel at a later stage of the proceedings.

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for appointment of pro bono counsel is DENIED without prejudice.

IT IS SO ORDERED.

Dated: **March 3, 2020**

/s/ Eric P. Groji
UNITED STATES MAGISTRATE JUDGE