In the United States District Court

For the Eastern District of California, Fresno Division

| | |
|---|---|
| Zechariah Lee,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Vernon H. Warnke, (Sheriff); Landrum, (Sergeant); Merced County Sheriff's Department; and Does 1 to 5, inclusive,<br><br>　　　　Defendants. | Case No. 1:19-cv-01043-EPG (PC)<br><br>**STIPULATED PROTECTIVE ORDER AND ORDER FOR DEFENDANT'S CONFIDENTIAL PEACE OFFICER PERSONNEL RECORDS** |

　　　　The parties, Plaintiff Zechariah Lee and Defendants County of Merced, Sergeant Landrum, Deputy Wali and Deputy Sparks, by and through their attorneys of record, stipulate to the following terms for a protective order related to peace officer personnel files in the possession of the Defendants and sought by Plaintiff in discovery.

　　　　<u>Scope</u>

　　　　1.　　This Protective Order shall govern only confidential documents, or any information disclosed from those documents, produced or disclosed in this Action by either party during discovery, any deposition, or in connection with any pleadings filed with this Court in this Action, that meet the criteria listed in paragraphs 2 through 7 below.

2.     Defendants have agreed to produce the internal affairs investigation records related to the underlying incident that gave rise to this lawsuit without the necessity of a formal discovery request.  The parties agree that those internal affairs investigation records contain information that may be relevant to both the excessive force and *Monell* claims pending in this lawsuit.

3.     The documents and information Defendants have agreed to informally produce originate out of the Defendant Sparks' peace officer's personnel records, which are considered presumptively confidential under California Penal Code Sections 832.5, 832.7 and 832.8.

4.     California Penal Code section 832.8(a) defines confidential peace officer "personnel records" as any file maintained under the peace officer's name and relating to any of the following:

    a. "Personal data, including marital status, family members, educational and employment history;"

    b. "Medical history;"

    c. "Election of employee benefits;"

    d. "Employee advancement, appraisal, or discipline;"

    e. "Complaints, or investigations of complaints, concerning an event or transaction in which he or she participated, or which he or she perceived, and pertaining to the manner in which he or she performed his or her duties;"

    f. "Any other information the disclosure of which would constitute an unwarranted invasion of personal privacy."

5.     Although California Penal Code section 832.7(b)(1)(A)(ii) exempts from its confidentiality requirements records related to a use of force resulting in "great bodily injury," which is defined by California Penal Code section 12022.7(f) as "a significant or substantial physical injury," only a portion of the

1  internal investigation report to be disclosed is subject to that confidentiality
2  exemption.  The remaining records are not exempt from the statutory privilege.
3        6.     The documents to be disclosed also include records related to
4  Defendant Sparks' utilization of his canine during four apprehensions that
5  occurred in the year following the incident that gave rise to this lawsuit.  That
6  audit not only analyzes the manner in which Defendant Sparks' used his canine
7  on those subsequent occasions, but also includes a substantial amount of third-
8  party information, including, but not limited to, police reports, criminal history
9  information, body worn camera recordings, medical/injury records, and other
10 similar private, personal information about reporting parties and witnesses.
11       7.     The audit records thus impact the privacy interests of multiple
12 non-parties.  A protective order is thus necessary to protect those third-party
13 privacy interests as well as Deputy Sparks' confidentiality privileges afforded by
14 California Penal Code section 832.7.
15       8.     A protective order is further necessary in order to facilitate prompt
16 informal production of that internal affairs investigation because the report and
17 supporting materials blend and inextricably intertwine non-exempt and exempt
18 confidential materials in a manner that would make redactions so extensive as
19 to render the documents useless to Plaintiff, and very cumbersome, expensive,
20 and time consuming for Defendants to redact.
21 **Confidential Information**
22       8.     "Confidential Information" means:
23       (a)    Any information contained in a document that is stamped
24 with "Confidential" or "Confidential-Subject to Protective Order"; or
25       (b)    Any information contained in a document that is stamped
26 with "Confidential-Attorney's Eyes Only."
27       9.     Stamping "Confidential" or "Confidential-Subject to Protective
28 Order" or "Confidential-Attorney's Eyes Only" on the cover of a multiple page

document shall classify all pages of the document as confidential unless otherwise indicated by the disclosing party.

### Permissible Disclosure of Confidential Information

### Confidential Information

10. Subject to Paragraph 12, the Receiving Party may show and deliver documents stamped with "Confidential" or "Confidential-Subject to Protective Order" to the following people:

(a) Parties and their counsel including attorneys, paralegals, stenographic and clerical staff employed by such counsel;

(b) Stenographic employees, court reporters and videographers recording or transcribing testimony by such counsel;

(c) The Court, Special Master appointed by the Court, mediator, and any members of their staff whom it is necessary to disclose the information;

(d) Any outside consultant or expert (and any employee thereof who would, in the course and scope of their employment, handle the at-issue documents), whether formally retained or not; and

(e) Subject to Paragraphs 10 through 12, any witness during a deposition.

### Confidential Information-Attorney's Eyes Only

11. Subject to Paragraph 12, the Receiving Party may show and deliver documents stamped with "Confidential-Attorney's Eyes Only" to the following people:

(a) Attorneys, paralegals, stenographic and clerical staff employed by such counsel;

(b) The Court, Special Master appointed by the Court, mediator and any members of their staff to whom it is necessary to disclose the information.

///

    (c) Stenographic employees, court reporters and videographers recording or transcribing testimony in this Action;

    (d) Any outside consultant or expert whether formally retained or not; and

    (e) Subject to Paragraphs 10 through 12, any witness during a deposition.

  12. If the Receiving Party provides Confidential Information to any person entitled to such information by the terms of this Order, such person shall be provided with a copy of the fully executed Protective order, which he or she shall read.  Upon reading the Protective Order, such person shall sign a Certification, the form annexed thereto as Exhibit A, acknowledging that he or she has read the Protective order and shall abide by its terms.  The Receiving Party shall retain all executed Certifications until the end of the instant litigation.  In the event of a possible violation of this protective order, during the pendency of this litigation, and upon a showing of good cause, the court may order production of the executed certifications to the designating party.  Otherwise, these Certifications are strictly confidential and are not subject to any discovery request during the pendency of this litigation.  No more than thirty (30 calendar days after the end of this litigation in the instant case (as defined infra in Paragraph 7), the Receiving Party shall provide all executed Certifications to the Designating Party.

  13. The instant litigation is at an end when (i) a final judgment has been entered by the Court or the case has otherwise been dismissed with prejudice; (ii) the time for any objection to or request for reconsideration of such a judgment or dismissal has expired; (iii) all available appeals have concluded or the time for such appeals has expired; and (iv) any post appeal proceedings have themselves concluded.

///

### Use of Confidential Information

14. Confidential Information shall only be used for preparing for and prosecuting this case pending the completion of the judicial process, including appeal. No person to whom this information is disclosed shall cause or permit it to be used for any other purpose.

15. Notwithstanding any other provisions hereof, nothing herein shall restrict any party's counsel from rendering advice to its client with respect to this Action and, in the course thereof, relying upon Confidential Information provided that in rendering such advice, counsel shall not disclose the other party's Confidential Information other than a manner provided for in this Protective Order.

16. If Confidential Information is used in any depositions taken in this matter, the original transcript of the deposition, and all copies thereof, shall be stamped "Confidential-Subject to Protective Order" or "Confidential-Attorney's Eyes Only" depending on the nature of the Confidential Information used. If any portion of the deposition transcript and/or video or audio versions of the deposition containing the Confidential Information, or references thereto, are filed with the Court, it shall be done in compliance with Paragraph 18 of the Protective Order.

17. A copy of the Order shall be attached as an exhibit to said deposition transcripts and the court reporter shall be subject to said order and precluded from providing the original or copies of the deposition or portions thereof, any copies thereof, or portions thereof, to any persons or entities other than counsel of record in the instant action. Furthermore, any audiotape and/or videotape of said deposition shall be subject to this Protective Order. A copy of the Protective Order shall be attached as an exhibit to said audiotape and/or videotape and the court videographers shall be subject to the Protective Order and precluded from providing the original deposition videotape or

portions thereof, any copies thereof, or portions of copies thereof, to any persons or entities other than counsel of record.  Any audiotape shall similarly be subject to the Protective order and all persons shall be precluded from providing the original deposition audiotape or portions thereof, any copies thereof, or portions of copies thereof, to any persons or entities other than counsel of record in the instant litigation.

18. Additionally, anyone other than the following persons shall be precluded from attending any deposition whereat any Confidential Documents or confidential information therein are used:  the receiving party, the disclosing party, any parties' counsel, the court reporter, the court videographers, if any, and any of the named parties in the action.  In the event Confidential Information marked "Attorney's Eyes Only" is to be used in the deposition, then the receiving party or parties shall continue to be permitted.  Those attending any depositions using Confidential Documents shall not disclose to any person or entity not otherwise entitled to the confidential information, in any manner, including orally, any statements made by the deponents during the course of said depositions referencing Confidential Information, and any such disclosure shall be construed as a violation of the Protective Order.

### Protection of Confidential Information

19. Counsel shall take all reasonable and necessary steps to assure the security of any Confidential Information and will limit access to Confidential Information to only those persons authorized by the Protective Order.

20. Any party that is served with a subpoena or other request for production of Confidential Information produced by the other party must immediately give written notice of such subpoena or other notice to the original Designating Party so as to afford the original Designating Party an opportunity to obtain an order barring the production or other disclosure, or to otherwise respond to the subpoena or other request for production or disclosure of

Confidential Information.  Upon receiving such notice, the original Designating Party shall bear the burden and cost of opposing the subpoena or request for production.  In no event should production or disclosure be made without written approval by the original Designating Party unless required by Court order arising from a motion to compel production or disclosure of Confidential Information.

21.  No more than thirty (30) calendar days after the end of litigation (as defined infra in Paragraph 7), in the instant case, the Receiving Party and every other person and/or entity who received Confidential Information shall (1) destroy such documents and copies thereof and provide written notification of such destruction to the producing party or (2) return such documents and any copies thereof to the producing party.

### Challenge to Designation

22.   Any party may object to the propriety of the designation of Confidential Information by serving a written Objection to the Designating Party.  The objecting party must do so sufficiently in advance of the discovery cut-off date to permit compliance with the Federal Rules of Civil Procedure and Local Rules in noticing a motion to remove the confidentiality designation for hearing prior to the discovery cut-off date.  All subsequent proceedings related to such challenge will be in accordance with the Local Rules.

### Filing Confidential Information in Court Records

23.   Documents covered by the protective order are authorized to be filed under seal.  Any documents filed under seal must be done so in accordance with the Local Rules.  Any document filed under seal will remain sealed unless the Court orders the documents to be unsealed in accordance with the Local Rules.  Nothing herein shall prejudice any parties' rights to object to the introduction of any Confidential Information into evidence, on the grounds, including, but not limited to, relevance and privilege.

**Miscellaneous Provision**

24. The Defendants make no concessions as to the admissibility of such items herein disclosed and reserve the right to seek exclusion of any such items or the information contained therein or their existence either in limine or during trial.

25. It is expressly understood by and between the parties that in producing Confidential Information in this litigation, the parties are relying upon the terms and conditions of the Protective Order.

26. No documents or testimony relating thereto shall be taken until this Protective Order is signed by all parties and the Court. The terms of the Protective Order may be amended or modified only by written agreement of the parties, or upon motion, and order of the Court.  This Protective Order shall continue in force until amended or superseded by express order of the Court, and shall survive any final judgment or settlement in this case.

//
//
//
//
//
//
//
//
//
//
//
//
//
//

IT IS SO STIPULATED.

Dated:  April 6, 2021				GERAGOS & GERAGOS, APC


						By: /s/ [Authorized April 6, 2021]
							Ben J. Meiselas
							Attorneys for Plaintiff
							Zechariah Lee


Dated: April 5, 2021				Forrest W. Hansen
						Merced County Counsel


						By:     s/ [Authorized April 5, 2021]
							Jenna M. Anderson
							Chief Deputy County Counsel
							Attorney for Defendants County of
							Merced, Sergeant Landrum, and Deputy
							Wali

Dated: April 20, 2021				Berry Wilkinson Law Group


						By:     /s/ Alison Berry Wilkinson
							Alison Berry Wilkinson
							Attorney for Defendant
							Damian Sparks

EXHIBIT A

I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered in this action, *Zechariah Lee v. Clint Landrum, et al.*, Case Number 1:19-cv-01043-EPG (PC), and hereby agree to comply with and be bound by the terms and conditions of the said Protective Order with respect to handling, use and disclosure of each Confidential Documents. I hereby consent to the jurisdiction of said Court for purposes of enforcing this non-disclosure Protective Order.

DATED:

_____
(signature)

# ORDER

For good cause shown, the Court GRANTS the parties' stipulation for a protective order (ECF No. 50) covering materials produced or received (including in response to subpoenas) as a result of the agreed early settlement conference, and/or through formal and informal discovery in this Action.

IT IS SO ORDERED.

Dated: __**April 21, 2021**__        /s/ Erica P. Grosjean
                                         UNITED STATES MAGISTRATE JUDGE